**WENGE ZHANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–70857.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2014.

Filed Jan. 23, 2014.

Maria Christina Flores, Law Office of Maria Flores, San Gabriel, CA, for Petitioner.

Seth A. Director, Trial, Oil, Matthew B. George, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

MEMORANDUM *

1. The Board of Immigration Appeals' (BIA) adverse credibility determination is supported by substantial evidence. The BIA identified two specific inconsistencies, both of which are supported by the record. First, Zhang said Li was a "repeat" customer in his written statement, but during his testimony said Li was a first-time customer. Second, Zhang described the painting he saw in Li's home as depicting a person nailed on a cross in his written statement, but during his testimony described it as depicting a person with a cross above his head. Given these inconsistencies, which are not "trivial," *see Shrestha v. Holder,* 590 F.3d 1034, 1043 (9th Cir.2010), we are not "compelled to conclude" that the adverse credibility determination was in error. 8 U.S.C. § 1252(b)(4)(B).

2. The record does not support Zhang's claim that he was denied an impartial adjudicator. At most, the record shows that the immigration judge may have been impatient with Zhang during his hearing testimony. But "expressions of impatience, dissatisfaction, annoyance, and even anger," without more, are insufficient to establish bias or partiality. *Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

**PETITION FOR REVIEW DENIED.**